## A. C. WADE

*vs.*

THOMAS BESSEY, and EDWARD and MICHAEL CULLEN, Trustees.

Piscataquis. Opinion October 15, 1884.

*Assignment of wages. Trustees' process. R. S., c. 111, § 6.*

Future wages to be earned under a present contract imparting to them a potential existence, may be assigned although the contract may be indefinite as to time and amount, unless affected by the statute requiring registration.

R. S., c. 111, § 6, providing that no assignment of wages is valid against any other persons than parties thereto, unless recorded in the town or plantation, organized for any purpose, in which the assignor is commorant while earning such wages, does not affect an assignment when the assignor is commorant, while earning the wages, in an unorganized township.

ON EXCEPTIONS to the ruling of the court in discharging the trustees.

The trustees disclosed that in the fall of 1882, the defendant was hired for them by Levi T. Pike, to work for them in the

woods, and he worked for them in the unorganized township, called Brassua, from October 30, 1882, until the service of the writ March 23, 1883, when they were indebted to him for wages in the sum of one hundred and six dollars ; that while the defendant was thus working for them he lived in their camp at Brassua, and his family resided in Brighton ; that at the time Bessey was employed he gave Pike the following assignment of his wages :

"Brighton, Oct. 28th, '82. This may certify that I have this day signed over all of my wages, also all of my boy's wages, that we may earn in the woods this winter, for Edward Cullen and Brother to secure said Pike for goods furnished my family, also a bill already in said Pike's book.     Thomas Bessey ;" that this paper was recorded in the town clerk's office, Brighton, and sent to the trustees when Bessey comemenced work ; and that Pike claimed all the wages due to Bessey and had notified the trustees thereof.

*Brown and Carver*, for the plaintiff, contended that the paper given by Bessey to Pike was not valid as against the plaintiff as an assignment of wages, because it contained no apt words of conveyance or assignment, at most it was only a certificate, and because there was no evidence that, at the time the paper was given, Bessey had entered into any contract of labor with the trustees, and further, because the assignment was not recorded in the place where Bessey was commorant while earning the wages, nor in the oldest adjoining town or organized plantation, citing : R. S., c. 111, § 6 ; *Hope Iron Works* v. *Holden*, 58 Maine, 146 *Farnsworth* v. *Jackson*, 32 Maine, 419 ; *Emerson* v. *E. & N. A. R. R. Co.* 67 Maine, 387.

*Henry Hudson*, for the trustees.

VIRGIN, J. It has been generally held that a thing having a potential existence may be sold or mortgaged. This proposition is variously illustrated in *Farrar* v. *Smith*, 64 Maine, 74, and in *Emerson* v. *E. & N. A. Railway Co.* 67 Maine, 392. And while the mere expectation of earning money cannot, in the absence of any contract on which to found such expectation, be assigned,

future wages to be earned under a present contract imparting to them a potential existence, may be assigned, although the contract may be indefinite as to time and amount. *Taylor* v. *Lynch*, 5 Gray, 49 ; *Hartley* v. *Tapley*, 2 Gray, 565 ; *Emery* v. *Lawrence*, 8 Cush. 151. The assignment, therefore, if legally made, was valid, unless the statute of registration renders it invalid as to the plaintiff who seeks to reach the wages of the defendant in the trustees' hands.

R. S., c. 111, § 6, provides that no assignment of wages is valid against any other person than the parties thereto, unless it is recorded in the " town or plantation organized for any purpose, in which the assignor is commorant while earning such wages." But the disclosure shows that the assignor was not "commorant in a plantation organized for any purpose while earning such wages," but in the unorganized township of Brassua. The case is, therefore, not within the provisions of the statute, and is not affected thereby.

Our opinion also is that it is valid in form although we should not expect to see it in any book of approved forms. There can be no doubt as to the intention of the parties. The consideration is expressed, and the instrument is dated and signed. And the omission of the assignee's christian name cannot make it void, especially since only one person of that surname appears to claim the wages and he is the one who furnished the supplies as the consideration of the assignment which he produces.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.